Dear Mr. Konrad:
Our office received an opinion request from you concerning the Jefferson Parish Finance Authority ("Authority"), a public trust and corporation created pursuant to the provisions of the Louisiana Public Trust Act, La.R.S. 9:2341-2347. You have asked our office to provide guidance on how many affirmative votes are required in order for the Trustees to act and whether certain provisions of the Authority's Trust Indenture and By-laws are in conflict.
Your first question asks how many affirmative votes are required in order for the Trustees to act. Article VII, paragraph (5) of the Authority's Trust Indenture states:
 The Trustees shall designate the time and place of all regular meetings. All actions by the Trustees pursuant to the provisions of this Trust Indenture shall be approved by the affirmative vote of at least a majority of the Trustees qualified to act as such under the provisions of this Trust Indenture . . .
You provide in your letter that there are eight (8) Trustees of the Authority.[1] According to the Trust Indenture, approval by an affirmative vote of a majority of the Trustees qualified to act is required for the Trustees to act pursuant to the provisions of the Trust *Page 2 
Indenture. You have provided that there are eight (8) Trustees qualified to act pursuant to the Trust Indenture. Therefore, the approval of a minimum of five (5) Trustees is required for the Authority to act pursuant to the provisions of the Trust Indenture.
Your second question addresses amendments to the By-laws of the Authority.[2] Article VIII, entitled Amendments, provides:
 These By-laws may be altered, amended or repealed by the affirmative vote of two-thirds of the Trustees present at the regular or special meeting, provided a quorum, as provided in these By-laws, be present and provided the notice of such meeting shall have contained a copy of the proposed alteration, amendment or repeal, provided that any such alteration, amendment or repeal shall first be approved by the Jefferson Parish Council . . .
A quorum, as provided by Article IV, Section 4 of the By-laws, is:
 A majority of the members of the Board of Trustees shall constitute a quorum, provided that if less than such majority of the Trustees is present at said meeting, a majority of the Trustees present may adjourn the meeting from time to time; and provided further that the Secretary shall notify any absent Trustee of the time and place of such adjourned meeting. The act of a majority of the members of the Board of Trustees shall be the act of the Board of Trustees.
Considering the above provisions of the By-laws, it appears that the By-laws may be amended by two-thirds of a quorum of Trustees present at a meeting (a quorum being five of the eight Trustees). This interpretation could potentially allow the By-laws to be amended by as few as four (4) members. As the Trust Indenture requires the approval of five (5) Trustees to act pursuant to the provisions of the Trust Indenture, and the By-laws allow the Trustees to alter the By-laws with less than five (5) Trustees, a conflict between provisions of the By-laws and the Trust Indenture is presented.
There appears to be nothing in the Louisiana Public Trust Act which addresses how to resolve a conflict between the By-laws and Trust Indenture. As provided for in La.R.S. 9:2341 (D), all public trusts created pursuant to the Public Trust Act shall constitute public corporations. Since there are no direct provisions in the Louisiana Public Trust Act guiding a resolution of a conflict between By-laws and a Trust Indenture, and the public trust is considered a public corporation, we look to the law on corporations to see *Page 3 
how a conflict between the By-laws and Articles of Incorporation for a corporation is addressed. This is consistent with instructions on statutory interpretation as set forth in La.R.S. 1:3:
 Words and phrases shall be read with their context and shall be construed according to the common and approved usage of the language. Technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to such peculiar and appropriate meaning.
Additionally, Civil Code Article 13 instructs that "[l]aws on the same subject matter must be interpreted in reference to each other."
The Trust Indenture for the Authority creates the actual trust and outlines the beneficiaries and public purpose the trust is serving.[3]
As a general matter, the Articles of Incorporation includes the purposes of formation for a corporation.[4] For both a corporation and a non-profit corporation, the law provides that By-laws may contain provisions for the conduct of the corporation's affairs, provided the By-laws are "not inconsistent with law or the articles."[5] Because the Trust Indenture serves a purpose for the Jefferson Parish Finance Authority, a public trust and corporation, similar to the purpose that the Articles of Incorporation would serve for a corporation, in accordance with La.R.S. 1:3 and La.C.C. Art. 13, we may look to the general corporation law for guidance on how to resolve the conflict between the Trust Indenture and By-laws. This interpretation leads to the conclusion that the By-laws for the Authority, a public trust and corporation, may only contain provisions for the management of affairs that are not inconsistent with the law or with the Trust Indenture. For this reason, the conflict between the provision in the Trust Indenture requiring five (5) Trustees to act, and the provision in the By-laws permitting alteration of the By-laws with approval of four (4) Trustees, must be resolved in favor of the Trust Indenture provision. Therefore, it is the opinion of this office that the approval of five (5) Trustees is required to alter the By-laws of the Trust. *Page 4 
We hope that this opinion has adequately addressed the legal issues that you have raised. If our office can be of any further assistance, please do not hesitate to contact us.
 With best regards,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 BY: __________________________
 Emalie A. Boyce
 Assistant Attorney General
 JDC: EAB
[1] We note that the original Trust Indenture document provided to our office, as well as the By-laws, indicate that there are seven (7) Trustees, and that these documents govern the "Jefferson Home Mortgage Authority." You have provided information to our office that these documents have subsequently been amended by board resolution and approved by the Bond Commission so that there are now eight (8) Trustees and the name of this public trust and corporation is now the "Jefferson Parish Finance Authority."
[2] We note that the power to amend the public trust itself is governed by La.R.S. 9:2342(B), "No public trust in which the state of Louisiana, any state agency, any parish or municipality, or any other political or governmental unit in the state is the beneficiary may be amended without a two-thirds vote of approval of the trustees of such trust. Provided further, that any such amendment shall be subject to approval as provided in Subsection (A) of Section 2341 of this Chapter."
[3] We note that La.R.S. 9:2342, governing the mode of creation of a public trust and corporation pursuant to the Public Trust Act, provides that trusts created pursuant to this Act "shall be created, organized, structured and empowered by written instruments or by will." A Trust Indenture is not required by the statute, and for this reason we stress that the application of this opinion is limited to the Authority, as it is based on the specific documents creating and governing this public trust and corporation.
[4] For corporations, this is set forth in La.R.S. 12:24, and for non-profit corporations, this is set forth in La.R.S. 12:203.
[5] For corporations, this is set forth in La.R.S. 12:28(B), and for non-profit corporations, this is set forth in La.R.S. 12:222(C).